| | |
|---|---|
| JEFFER MANGELS BUTLER & MITCHELL LLP<br>R. SCOTT BRINK (SBN 138644)<br>rsb@jmbm.com<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308<br>Telephone: (310) 203-8080<br>Fax: (310) 203-0567<br><br>JOSEPH J. MELLEMA (SBN 248118)<br>jmellema@jmbm.com<br>3 Park Plaza, Suite 1100<br>Irvine, California 92614-2592<br>Telephone: (949) 623-7200<br>Facsimile: (949) 623-7202<br><br>Attorneys for PARAMOUNT TARIFF SERVICES, INC. | BJORGUM LAW, PC<br>A. Eric Bjorgum (SBN: 198392)<br>119 E. Union Street, Suite C<br>Pasadena, CA 91103<br>Telephone: 213.596.6390<br>Fax: 213.596.6399<br>Email: eric.bjorgum@bjorgumlaw.com<br>Attorneys for Defendants<br>ACE TARIFF SOLUTIONS, INC.<br>and RAY NAM |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PARAMOUNT TARIFF SERVICES, INC.,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ACE TARIFF SOLUTIONS, INC. and RAY NAM,<br><br>　　　Defendants. | Case No. 2:25-CV-03242-ODW-E<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Trial Date:　　Not Set |

73699627v1

JOINT SCHEDULING CONFERENCE REPORT

Plaintiff Paramount Tariff Services, Inc. ("PTS"), together with Defendants Ray Nam and Ace Tariff Solutions, Inc. ("ATS", and together with Mr. Nam, "Defendants"), by and through their respective undersigned counsel, hereby submit this Joint Scheduling Conference Report in accordance with the Central District of California's Local Rules, this Court's Order Scheduling Meeting of Counsel (Dkt. 18), and Rules 16 and 26 of the Federal Rules of Civil Procedure.

## I.  FEDERAL RULE OF CIVIL PROCEDURE 26(F)

### A.  Joint Summary of Factual and Legal Issues

#### 1.  Factual Allegations

Plaintiff's Statement:

Plaintiff PTS provides services for common carrier and freight-forwarding communities that require strict compliance with Federal Maritime Commission ("FMC") requirements. Over the past 35 years, PTS developed and continually refined a confidential and proprietary system designed to publish tariff rates and obtain and secure bonds for its customers to satisfy those requirements. PTS keeps its system, and related data and trade secret information, on a secured on-premises server.

Plaintiff PTS alleges that defendants ATS and Mr. Nam wrongfully took PTS's proprietary and confidential data and information, both before and after leaving employment at PTS, wrongfully used PTS's proprietary online platform for tariff publication services as their own, misappropriated PTS's trade secrets, and illegally accessed PTS's computers and servers to poach PTS's customers and develop a competing venture. Specifically, PTS's complaint alleges (1) wrongful access of protected computers under the Computer Fraud and Abuse Act ("CFAA"), (2) computer tampering and unauthorized access under the Comprehensive Computer Data Access and Fraud Act ("CDAFA"), (3) unauthorized access under the Stored Communications Act ("SCA"), (4) intentional interference with contractual relations, (5) trade secret misappropriation under the Defend Trade

Secrets Act ("DTSA"), (6) trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), (7) unfair business practices under Cal. Bus. Prof. Code 17200, et seq., and (8) breach of the duty of loyalty.

Defendants have made much about their feigned lack of understanding regarding the identity of PTS's trade secrets, which is the subject of Defendants' motion to dismiss now pending before this Court. PTS believes it has sufficiently alleged the identity of its trade secrets with reasonable particularity and that this lawsuit should proceed past the pleadings stage.

Defendants' Statement:

This matter is a tempest in a teapot. Plaintiff alleges theft of "proprietary information" without revealing that much of that information is subject to required public disclosure as a condition for third party shipping companies to rent shipping space and bring goods into the United States. Much of the allegedly purloined information identified by Plaintiff is by disclosure under the Federal Maritime Commission's "tariff" regulations, embodied in 46 CFR § 520, which provides, *inter alia*, all qualifying common carriers "must keep open for public inspection in automated tariff systems tariffs showing all rates, charges, classifications, rules, and practices between all points or ports on their own routes and on any through transportation route that has been established." They must "State separately each terminal or other charge, privilege, or facility under the control of the carrier or conference and any rules that in any way change, affect, or determine any part or the total of the rates or charges" and "Include sample copies of any bill of lading showing legible terms and conditions, contract of affreightment, and/or other document evidencing the transportation agreement."

Thus, much of what Plaintiff complains about cannot be the subject of theft or the subject of trade secret protection. At the very most, Plaintiff alleges a "backend system," which most likely means this case will devolve into dueling expert reports regarding what type of software is secret vs. well known. Indeed, Defendants have

already made most of their computer files available for imaging by Plaintiff. Defendants have also largely quit developing this business at all. It has simply been too much grief.

If this matter is to go forward, Defendants would therefore request that the Court ruling on the pending motion to dismiss or provide Plaintiff with some direction as to the level of specificity required to make an actual allegation of theft.

## 2. **Legal Issues**

Subject to and without waiving their respective positions and arguments, the parties believe that the disputed issues requiring judicial resolution include, without limitation:

- Whether Defendants wrongfully accessed PTS's protected computers under the CFAA; Defendants' position is that the information on them must have been protectable;

- Whether Defendants accessed and/or tampered with PTS's computers without authorization under the California CDAFA; Defendants' position is that such information must qualify for protection;

- Whether Defendants accessed PTS's communications without authorization under the SCA; Defendants' position is that those communications, which were allegedly widely distributed under company policy, must have been protected;

- Whether Defendants intentionally interfered with PTS's contractual relations; Defendants' position is that Defendant Nam developed his personal contacts into clients for 20 years;

- Whether Defendants misappropriated PTS's trade secrets under the DTSA, provided that Plaintiff can make a showing of trade secret protection;

- Whether Defendants misappropriated PTS's trade secrets under CUTSA;

- Whether Defendants' acts constituted unlawful business practices under Cal. Bus. Proc. Code §17200, et seq.;
- Whether Defendant Nam breached his alleged duty of loyalty to PTS;
- Whether PTS is entitled to an accounting of all gains, profits and advantage derived from their alleged misappropriation of PTS's confidential, proprietary and/or trade secret information; Defendants' position is that Plaintiff is not entitled to this remedy because Defendant Nam has assured Plaintiff he stopped doing business;
- Whether PTS is entitled to disgorgement of profits and/or restitution;
- Whether PTS is entitled to damages, including exemplary and/or punitive damages;
- Whether PTS is entitled to pre- and post-judgment interest;
- Whether PTS is entitled to attorneys' fees, costs, and expenses;
- Whether PTS is entitled to preliminary and permanent injunctive relief;

### B. Potential Settlement

The parties have preliminarily discussed potential settlement and conducting a private mediation or using a magistrate, both before and after PTS filed this lawsuit. T The parties intend to continue settlement dialogue and would, at the appropriate time, elect to attend private mediation under ADR Procedure No. 3. Defendants would be open to using a magistrate as well.

### C. Initial Disclosures Pursuant to Rule 26(a)(1)

The parties propose that the default timing of exchange of initial disclosures be extended to 14 days after the Court rules on Defendants' motion to dismiss. If the Court is inclined to set a schedule now, the parties propose that the date of exchange of initial disclosures be as set forth in the schedule below.

### D. Discovery to Date

No discovery has been propounded to date. The parties plan to commence discovery promptly after the Court rules on Defendants' motion to dismiss. Should

the Court adopt the schedule as alternatively proposed herein, PTS will immediately begin to propound written discovery as soon as possible.

**E.    Discovery Plan going Forward (including proposed cutoffs and expert discovery)**

At this time, except for modification of the compliance deadline with Rule 26(a)(1), the parties do not seek any modification of the default limitations on written discovery and depositions, as set forth in the Federal Rules of Civil Procedure and Local Rules. Should circumstances change or new information come to light, the parties reserve the right to seek additional discovery.

The parties have sequestered electronically stored data of Defendants in the custody of PTS's forensic expert. PTS intends to forensically analyze the sequestered electronically stored data, and other electronically stored data, that Defendants provide during discovery. The parties intend to prepare and submit to the Court a joint proposed protective order and order for handling electronically stored information ("ESI") in due course. The parties further intend to prepare and submit to the court a protocol for search and disclosure of ESI and metadata in connection with Defendants' devices and storage.

The parties propose submitting a proposed schedule after the Court rules on Defendants' motion to dismiss. The parties further propose that they be instructed to contact the Court's chambers within seven days of the Court's ruling on Defendants' motion to dismiss to schedule a further status conference. To the extent the Court prefers to set dates through trial, the parties jointly propose the following pretrial schedule:

| Event | Date/Deadline |
|---|---|
| Trial @ 9:00am | 11/10/2026 |
| Last Date to File Trial Exhibit Stipulation | 11/05/2026 |
| Hearing on Motions in Limine @ 1:30pm | 11/02/2026 |

| | |
|---|---|
| Pretrial Conference @ 1:30pm | 10/19/2026 |
| Deadline to File Motions in Limine | 10/14/2026 |
| Deadline to File:<br><br>• Proposed Pretrial Conference Order;<br>• Memoranda and Contentions of Fact and Law;<br>• Joint Witness List;<br>• Joint Exhibit List and Exhibit Stipulation;<br>• Proposed Verdict Form(s);<br>• Proposed Jury Instruction(s) / Disputed Jury Instructions;<br>• Proposed Voir Dire Questions;<br>• Joint Statement of the Case;<br>• Joint Report re: Settlement;<br>• Objections to Deposition Designations. | 10/12/2026 |
| Last Date for Hearing Motions | 08/31/2026 |
| Last Date to Conduct Settlement Conference | 08/24/2026 |
| Expert Discovery Cutoff | 08/03/2026 |
| Percipient/Fact Discovery Cutoff | 07/13/2026 |
| Last Date to Hear Motions to Amend Pleadings or Add Parties | 01/14/2026 |
| Exchange of Initial Disclosures | 11/05/2026 |

II. **ADDITIONAL MATTER LISTED IN THE COURT'S ORDER RE: SCHEDULING CONFERENCE**

A. **Motions**

Defendants have filed a motion to dismiss PTS's complaint. PTS has opposed, and Defendants have replied. The Court vacated the hearing on Defendants' motion and indicated that an order is forthcoming. Dkt. 17.

If the parties cannot agree on a protocol for search and disclosure of ESI, PTS anticipates filing a motion for protocol.

The parties each anticipate filing motions for summary judgment.

**B.    Trial**

PTS is requesting a jury trial. PTS estimates that trial will take 5 court days, and that trial should begin in the fall/winter of 2026.

**C.    Addition of Parties and Amendment Pleadings**

The parties do not currently anticipate adding any parties. PTS does not currently intend to amend its Complaint, but will do so if ordered by the Court.

**III.   ADDITIONAL MATTER CONTEMPLATED BY FED. R. CIV. P. 16(B)(1) THROUGH (6) RULE 16(C)**

The parties have no additional statements or issues to raise that were not already raised above.

DATED: October 15, 2025        JEFFER MANGELS BUTLER & MITCHELL LLP
R. SCOTT BRINK
JOSEPH J. MELLEMA

By: _____
JOSEPH J. MELLEMA
Attorneys for PARAMOUNT TARIFF SERVICES, INC.

DATED: October 15, 2025        BJORGUM LAW, PC

By:     /s/ A. ERIC BJORGUM
A. ERIC BJORGUM
Attorneys for ACE TARIFF SOLUTIONS, INC. and RAY NAM