**BJORGUM LAW, PC**
A. Eric Bjorgum (SBN: 198392)
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone: 213.596.6390
Fax: 213.596.6399
Email:  eric.bjorgum@bjorgumlaw.com

Attorneys for Defendants
ACE TARIFF SOLUTIONS, INC. and RAY NAM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| PARAMOUNT TARIFF SERVICES, INC., <br><br>        Plaintiff, <br><br>v. <br><br>ACE TARIFF SOLUTIONS, INC. and RAY NAM, <br><br>        Defendants. | Case No. 2:25-CV-03242-ODW-E <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants Ray Nam ("Nam") and Ace Tariff Solutions, Inc. ("ATS") (collectively, "Defendants"), by and through undersigned counsel, hereby answer the First Amended Complaint ("FAC") filed by Plaintiff Paramount Tariff Services, Inc. ("PTS" or "Plaintiff") as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff's FAC makes allegations that are addressed specifically below. Otherwise, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that "for almost the past 20 years, PTS has employed Defendant Ray Nam until he departed PTS in December 2024." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that "[Nam] was given a trusted position as Director of Operations and access to PTS's proprietary and confidential system and data." Defendants deny all other allegations in Paragraph 4.

5. Defendants are without knowledge as to what Plaintiff's investigation uncovered and on that basis deny the allegations regarding that investigation. Defendants admit that Nam had access to at least 350 while working for Paramount. Defendant Nam lacks sufficient knowledge to admit or deny that he made a Windows desktop backup copy of software. Defendant Nam admits that he put his cellphone on emails during Covid. Defendant Nam admits that he sent goodbye emails. Defendant otherwise denies the allegations in this Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that "after departing PTS, on information and belief, Defendant Nam used the same bond brokers." Defendants deny that the same bond brokers were used "to poach specific customers of PTS." Defendants deny that "[Defendant Nam] also continued to access PTS's computers and servers to obtain customer information which he then used." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that information was used "in combination with the other PTS data and information [Defendant Nam] kept, to poach PTS's customers." Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 6.

7. Defendants deny that "without intervention, Defendants will continue to wrongfully use PTS's proprietary and confidential information and data, its online platform, its trade secrets, and its customer information, to PTS's detriment, in order to develop their competing venture, ATS." Defendants admit that "PTS seeks actual and exemplary/punitive damages for Defendants' wrongful acts, as well as pre-judgment and post-judgment interest. PTS also seeks, among other things, an order requiring Defendants to return PTS's confidential and proprietary information, conducting an audit of Defendants' tariff publishing system, and enjoining Defendants from further wrongful acts."

## PARTIES

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit that "this Court has both general and specific jurisdiction over Defendant Nam because he is domiciled in California, transacted business within California, and committed tortious acts within, and affecting, California." Defendants deny that "jurisdiction is also proper because Defendant Nam has endeavored to unlawfully obtain PTS's trade secrets that are maintained in this District."

13. Defendants deny that "jurisdiction is also proper because Defendant ATS has endeavored to unlawfully obtain PTS's trade secrets that are maintained in this District." Defendants admit other allegations in Paragraph 13 of the Complaint.

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

## BACKGROUND

## PTS Develops it Tariff Services Business

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendants deny that PTS is a "unique online platform." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

## PTS's Online Platform and Backend Server System

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that "PTS stores (1) accounting data, (2) manuals and procedures, (3) marketing files, (4) customer lists, (5) bond and insurance data, including bond lists, (6) license data, and (7) PTS email, among other data and files, on its servers and computer systems. This data and information is not accessible by the public, and in the case of PTS email, is stored on secured

Microsoft servers." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

## **Defendants' Wrongful Conduct and Infringing Acts**

20. Defendants admit that "in early 2004, PTS hired Defendant Nam and, during his employment with PTS, became Director of Operations before his departure in December 2024." Defendants deny all other allegations in Paragraph 20 of the Complaint.

21. Defendants deny that "starting in at least January 19, 2023, Defendant Nam, while employed by PTS, began storing PTS data onto external drives, and continued that practice until his departure in December 2024." Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 21 of the Complaint.

22. Defendants deny that "Defendant Nam never obtained authorization from PTS to download the data onto external drives." Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that "PTS also examined Defendant Nam's company desktop computer that he used while employed by PTS." Defendants deny that "PTS's investigation revealed that on December 9, 2024, right before his departure, he searched the Internet for 'Backup and Restore in Windows,' then accessed Backup and Restore from his desktop computer's Control Panel. That same day, a Windows Image Backup was generated of the desktop computer to a Western Digital USB drive with serial number WX92D745LL73 ('Desktop

Backup').'' Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendants deny that Defendant Nam "access[ed] PTS's computers and servers" after departing PTS. Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 28 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

## FIRST CAUSE OF ACTION

**[Computer Fraud and Abuse Act, 18 U.S.C §1030, et seq.]**

31. Defendants restate and incorporate responses to Paragraphs 1-30 of this Answer, inclusive, as though set forth fully herein.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 37 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

## SECOND CAUSE OF ACTION

**[California's Comprehensive Computer Data Access and Fraud Act, Pen. Code §502m et seq,]**

43. Defendants restate and incorporate responses to Paragraphs 1-42 of this Answer, inclusive, as though set forth fully herein.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

## THIRD CAUSE OF ACTION

**[Stored Communication Act, 18 U.S.C. §§2701, et seq.]**

51. Defendants restate and incorporate responses to Paragraphs 1-51 of this Answer, inclusive, as though set forth fully herein.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

## FOURTH CAUSE OF ACTION

### [Intentional Interference with Contractual Relations]

58. Defendants restate and incorporate responses to Paragraphs 1-57 of this Answer, inclusive, as though set forth fully herein.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 62 of the Complaint.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

## FIFTH CAUSE OF ACTION

**[Defend Trade Secrets Act, 18 U.S.C. §1836]**

71. Defendants restate and incorporate responses to Paragraphs 1-70 of this Answer, inclusive, as though set forth fully herein.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

## SIXTH CAUSE OF ACTION

**[California Uniform Trade Secrets Act, Cal. Civ. Code §3426, et seq.]**

81. Defendants restate and incorporate responses to Paragraphs 1-80 of this Answer, inclusive, as though set forth fully herein.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint.

83. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.
87. Defendants deny the allegations in Paragraph 87 of the Complaint.
88. Defendants deny the allegations in Paragraph 88 of the Complaint.
89. Defendants deny the allegations in Paragraph 89 of the Complaint.
90. Defendants deny the allegations in Paragraph 90 of the Complaint.

## SEVENTH CAUSE OF ACTION

### [Unfair Business Practices Under Cal. Bus. § Prof. Code §§ 17200, et seq.]

91. Defendants restate and incorporate responses to Paragraphs 1-90 of this Answer, inclusive, as though set forth fully herein.
92. Defendants deny the allegations in Paragraph 92 of the Complaint.
93. Defendants deny the allegations in Paragraph 93 of the Complaint.
94. Defendants deny the allegations in Paragraph 94 of the Complaint.
95. Defendants deny the allegations in Paragraph 90 of the Complaint.

## EIGHTH CAUSE OF ACTION

### [Breach of Duty of Loyalty]

### (against Defendant Nam)

96. Defendants restate and incorporate responses to Paragraphs 1-95 of this Answer, inclusive, as though set forth fully herein.
97. Defendants deny the allegations in Paragraph 97 of the Complaint.
98. Defendants deny the allegations in Paragraph 98 of the Complaint.
99. Defendants deny the allegations in Paragraph 99 of the Complaint.
100. Defendants deny the allegations in Paragraph 100 of the Complaint.
101. Defendants deny the allegations in Paragraph 101 of the Complaint.
102. Defendants deny the allegations in Paragraph 102 of the Complaint.
103. Defendants deny the allegations in Paragraph 103 of the Complaint.
104. Defendants deny the allegations in Paragraph 104 of the Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

Neither the First Amended Complaint nor any purported causes of action stated therein alleges facts sufficient to state a cause of action against Defendants, or any of them.

## SECOND AFFIRMATIVE DEFENSE

(Failure of Consideration)

Defendants are informed and believe and on that basis allege that Plaintiff is barred from recovery because of a failure of consideration in the underlying agreement because, among other things, of Plaintiff's failure to provide sufficient information and assistance.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

By reason of its own acts and omissions, Plaintiff is barred from recovering from Defendants under the doctrine of unclean hands by, among other things, not cooperating in providing the information necessary.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

By reason of its own acts and omissions, Plaintiff is barred from recovering from Defendants under the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

By reason of its own acts and omissions, Plaintiff is barred from recovering from Defendants under the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 338, 339, and 340.

### SEVENTH AFFIRMATIVE DEFENSE

(Breach and/or Non Performance by the Plaintiff)

Plaintiff failed to perform and/or breached any alleged agreement by, among other things, not providing adequate information or support.

### EIGHTH AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

As an eighth, separate and affirmative defense to the First Amended Complaint, and every purported cause of action alleged therein, Defendants are informed and believe and allege thereon that Plaintiff's recovery is barred due to the failure of conditions precedent.

### NINETH AFFIRMATIVE DEFENSE

(Fraud and/or Misrepresentation)

As a ninth, separate and affirmative defense to the First Amended Complaint, and each and every purported cause of action therein, Defendants are informed and believe, and thereon allege, that Plaintiff is not entitled to the relief requested as a result of fraud and/or misrepresentation perpetrated upon Defendants by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

(Breach of Covenant of Good Faith and Fair Dealing)

As a tenth, separate and affirmative defense to the First Amended Complaint, and each and every purported cause of action therein, Defendants are informed and believe, and thereon allege, that Plaintiff is not entitled to the relief requested as a result of Plaintiff's breach of the covenant of good faith and fair dealing and Plaintiff's bad faith conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Breach by Plaintiff)

As an eleventh, separate and affirmative defense to the First Amended Complaint, and each and every purported cause of action therein, Defendants are informed and believe, and thereon allege, that prior to any acts that Defendants complained of in the First Amended Complaint, if any, Plaintiff was in breach of its obligations. Plaintiff's breach thus prevented Defendants' performance and excused any obligation to perform that allegedly pertains to Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

As a twelfth, separate and affirmative defense to the First Amended Complaint, and each and every purported cause of action therein, Defendants are informed and believe, and thereon allege, that Plaintiff's claims against Defendants are barred because Plaintiff will be unjustly enriched if allowed to recover on any of the causes of action against set forth in the First Amended Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Equitable Estoppel)

As a thirteenth, separate and affirmative defense to the First Amended Complaint, and each and every purported cause of action therein, Defendants are informed and believe, and thereon allege, that having contributed to the breach, if any alleged in the First Amended Complaint, and to the failure of the conditions precedent to any obligations of Defendants if any, Plaintiff is equitably estopped to seek enforcement of the contract or damages for the alleged breach thereof.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

As a fourteenth separate and affirmative defense to the First Amended Complaint and every purported cause of action alleged therein, Defendants are informed and believe, and thereon allege, that Plaintiff, while knowing of the alleged acts and damages complained of, if any, failed to undertake to mitigate or lessen its damages and/or increased its damages, if any. Accordingly, if Plaintiff suffered any damages, such damages should have been mitigated by reasonable efforts on the part of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Ratification)

As a fifteenth, separate and affirmative defense to the First Amended Complaint, and every purported cause of action alleged therein, Defendants are informed and believe and allege thereon that Plaintiff ratified or otherwise approved all acts which Plaintiff complained of, or otherwise lack standing to obtain relief against Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Setoff)

As a sixteenth, separate and affirmative defense to the First Amended Complaint, and every purported cause of action alleged therein, Defendants are informed and believe and allege thereon that by virtue of the acts, omissions, misrepresentations and breach of contract of Plaintiff and/or other third parties, Defendants have incurred damages and expense, including attorney's fees, all in amounts to be ascertained and applied as an offset against Plaintiff's claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Waiver)

As a seventeenth, separate and affirmative defense to the First Amended Complaint, and every purported cause of action alleged therein, Defendants are informed and believe and allege thereon that Plaintiff waived its right to seek the

relief claimed herein, as a result of its own acts and/or omissions with reference to the subject matter of the First Amended Complaint thereby barring or diminishing Plaintiff's recovery herein under the doctrine of waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Release and/or Waiver by Agreement)

As an eighteenth, separate and affirmative defense to the First Amended Complaint and each and every purported cause of action therein, Defendants are informed and believe, and thereon allege, that Plaintiffs entered into agreements releasing and/or waiving the subject claims.

## NINETEENTH AFFIRMATIVE DEFENSE

(Offset)

Plaintiff's damages must be offset by the damages Plaintiff has wrongly caused to Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

Plaintiff, by their own conduct, caused or contributed to their damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Excuse of Performance)

Defendants have been excused from performing any obligation owed to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Justification)

Any acts alleged to have been committed by Defendants or any of their agents or employees were committed in the exercise of good faith and with probable cause, and were reasonable and justified under the circumstances then apparent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Duty)

Defendants owed no duty to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack Of Consent to Contract Due To Unilateral Mistake of Fact)

Defendants' consent to the alleged contract was not freely given due to Defendants' mistake about certain facts. Plaintiff knew that Defendants were mistaken and used that mistake to take advantage of Defendants. Defendants' mistake was not caused by excessive carelessness. Defendants would not have agreed to enter in the alleged contracts if they had known about the mistake.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack Of Consent to Contract Due To Bilateral Mistake of Fact)

Defendants' consent to the alleged contract was not freely given due to the fact that all parties were mistaken about certain facts. Defendants would not have agreed to enter into the alleged contract if it had known about the mistake.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Lack Of Consent to Contract Due To Fraud in the Inducement)

Defendants' consent to the alleged contract, if any, was not freely given due to Plaintiff's fraud in the inducement. Plaintiff and/or her agent represented that certain facts were true; such representations were not true. Plaintiff and/or her agent knew that the representations were not true, yet made the false representations to persuade Defendants to agree to the alleged contracts. Defendants reasonably relied on the representations. Defendants would not have agreed to the alleged contract if they had known that the representation was not true.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Intent/Good Faith)

Defendants acted in good faith and without intent to harm Plaintiff or to engage in any known wrongful act or violation of law. Any violation occurred notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Consent)

The Plaintiff consented to the actions of which they now complain.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Substantial or Partial Performance)

The Defendants substantially and/or partially satisfied their obligations under the contracts.

## THIRTIETH AFFIRMATIVE DEFENSE
(Full Performance)

The Defendants fully satisfied their obligations under the contracts.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
(Release)

The Plaintiff released the Defendants from their obligations under the contracts.

## RESERVATION OF RIGHT TO AMEND

Defendnats intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the answer at any time prior to the final judgment to assert such defense.

**JURY DEMAND**

Defendants Ray Nam and Ace Tariff Solutions, Inc. hereby demand a trial by jury for all claims and issues that may be submitted to a jury.

Dated:  January 13, 2026              BJORGUM LAW PC

By:  */s/ Eric Bjorgum/*
   Eric Bjorgum
   Attorneys for Defendants Ace Tariff Solutions, Inc., and Ray Nam